# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CEDAR LANE FARMS, CORP., | ) | CASE NO. 5:16-cv-1390 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WILLIAM BESANCON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are motions to dismiss filed by defendants William Besancon and Sandra Besancon (the "Besancons") (Doc. No. 7) and by defendant United States of America Department of Energy (the "DOE") (Doc. No. 15 ["Mot."]). Plaintiff filed briefs in opposition to each motion. (Doc. No. 13 and Doc. No. 16 ["Opp'n"], respectively). The DOE filed a reply with respect to its motion. (Doc. No. 17 ["Reply"].)

The Besancons assert failure to state a claim and failure to join a party under Fed. R. Civ. P. 12(b)(6) and (7). The DOE asserts lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

For the reasons set forth herein, the DOE's motion to dismiss (Doc. No. 15) is granted. As a result of that dismissal, the Court dismisses the remainder of the case without prejudice, expressing no view as to the merits of the Besancon's motion to dismiss (Doc. No. 7).

## I. BACKGROUND

On June 8, 2016, plaintiff Cedar Lane Farms, Corp. ("CLF"), an Ohio corporation with its principal place of business in Wooster, Ohio, (Complaint, Doc. No. 1 ["Compl."] ¶ 1),[1] filed a complaint against the Besancons, Ohio residents (*id.* ¶ 2), and the DOE, seeking declaratory judgments that these defendants have no ownership interest in certain assets described in the complaint. Jurisdiction over the claim against the DOE was based upon 28 U.S.C. § 1331. The claim against the Besancons was premised on supplemental jurisdiction under 28 U.S.C. § 1367(a).

The complaint alleges that CLF leases from the Besancons a portion of real property in Wayne County, Ohio. (Compl. ¶ 7.) In May 2001, CLF and Touchstone Research Laboratory, Ltd. ("TRL") entered into a Subrecipient Agreement relating to an algae research project ("the project") that TRL had agreed to complete on behalf of the DOE. (*Id.* ¶¶ 8, 9.)[2] As part of the project, CLF agreed to sublet a portion of the property to TRL, and several assets itemized in the complaint ("Algae Assets") were purchased and constructed on the property. (*Id.* ¶¶ 11, 12.) The Subrecipient Agreement, which terminated on August 12, 2014 (*id.* ¶ 13), contained the following provision:

> At the conclusion of this project, . . . TRL will, if necessary make a formal request to the [DOE] to have the ownership of the [Algae Assets] . . . transferred from the [DOE] to TRL. Upon receiving title from the [DOE], TRL will transfer title of the [Algae Assets] . . . to [CLF]. [CLF] will reimburse TRL for any reasonable costs it incurs in the process of obtaining and transferring title to [CLF]. TRL cannot guarantee that the [DOE] will transfer ownership at the end of the project and therefore title may reside with DOE even after the completion of the project.

---

[1] Under well-settled law, the factual allegations of the complaint are taken as true for purposes of a motion to dismiss.

[2] A copy of the Subrecipient Agreement, designated "Exhibit A," was filed as a supplement to the complaint. (*See* Doc. No. 5-1.)

(Ex. A at 31.[3]) CLF alleges that, by way of a General Conveyance, Assignment, and Bill of Sale, TRL disclaimed any ownership interest in the Algae Assets and released such ownership to CLF. (Compl. ¶ 16; *see also*, Doc. No. 5-2, Exhibit B.)

In count one of the complaint, CLF seeks a declaratory judgment confirming that the DOE has no ownership interest in the Algae Assets. (Compl. ¶¶ 18-20; Prayer ¶ (a).) In count two, it seeks a similar declaratory judgment with respect to the Besancons, along with a declaration that the Algae Assets are the personal property of CLF. (*Id.* ¶¶ 21-24; Prayer ¶ (b).)

## II. DISCUSSION

The DOE seeks dismissal solely for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). This motion is dispositive.

Federal courts are courts of limited jurisdiction and the law "presume[s] that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The burden of establishing jurisdiction rests upon the party asserting it. *Id.*

Challenges to subject-matter jurisdiction "'come in two varieties: a facial attack or a factual attack.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A facial attack questions the sufficiency of the pleading, and, in such case, the court "takes the allegations in the complaint as true, just as in a Rule 12(b)(6) motion." *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816-17 (6th Cir. 2017) (internal quotation marks and citations omitted). "A factual attack, on the other hand, raises a factual controversy requiring the district court to 'weigh the

---

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996) (further citations omitted)).

Although an assertion of sovereign immunity is sometimes considered a factual attack, here the nature of the attack is more facial because the motion "does not assert a need to examine the truthfulness of Plaintiff's allegations in order to determine the existence of subject matter jurisdiction." *Graber v. Metro. Life Ins. Co.*, 855 F. Supp. 2d 673, 676 (N.D. Ohio 2012). Rather, the motion "argues that Plaintiff's complaint is facially insufficient to invoke subject matter jurisdiction because it does not demonstrate that the [DOE] has waived sovereign immunity." *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

It is well-settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (citations omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996) (citations omitted).

DOE argues that plaintiff's reliance on federal question jurisdiction under 28 U.S.C. § 1331 as the sole basis for subject matter jurisdiction fails because that general statute does not provide a waiver of sovereign immunity. (Mot. at 83, citing *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).) Nor, the DOE argues, is the complaint saved by the Declaratory Judgment Act, which is neither an independent basis for subject matter jurisdiction nor a waiver of sovereign immunity. (*Id*. at 83-84, citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S. Ct. 876, 94 L. Ed. 1194 (1950).)

In opposition, plaintiff asserts that sovereign immunity has been waived via the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq*. Plaintiff argues that the APA "'sets forth the procedures by which federal agencies are accountable to the public and their actions are subject to review by the courts.'" (Opp'n at 86-87, quoting *Franklin v. Massachusetts*, 505 U.S. 788, 796, 112 S. Ct. 2767, 120 L. Ed. 2d 636 (1992).) Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13).

Plaintiff argues: "A lawsuit brought in a court of the United States 'seeking relief other than money damages . . . shall not be dismissed . . . on the ground that it is against the United States.'" (Opp'n at 87, quoting § 702.) Plaintiff cites *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 672 (6th Cir. 2013) for the proposition that a party seeking relief on the basis of agency action need not actually state a claim under the APA (which admittedly, plaintiff has not done in the complaint), since the waiver of sovereign immunity applies "regardless of whether plaintiff seeks review of 'agency action' or 'final agency action'" as those terms are defined by the APA. (Opp'n at 87, also citing *Warin v. Dir., Dep't of Treasury*, 672 F.2d 590, 592 (6th Cir. 1982) (holding that § 702 operates as a waiver of sovereign immunity in actions for non-monetary relief under 28 U.S.C. § 1331).)

Plaintiff argues that sovereign immunity is the sole basis for dismissal argued by the DOE Motion, and that, under the case law cited in its brief, sovereign immunity has been waived for purposes of seeking non-monetary relief. The Court only partially agrees with plaintiff.

As noted in *Warin*, the legislative history of the APA unambiguously provides that the purpose of the statute was to "remove … technical barriers to the consideration on the merits of citizens' complaints against the Federal Government, its agencies or employees." *Warin*, 672 F.2d at 592. In *United States v. City of Detroit*, 329 F.3d 515 (6th Cir. 2003), relied upon by *Muniz-Muniz*, the Sixth Circuit rejected the government's assertion that the waiver of sovereign immunity in the APA "applies only to complaints filed under the APA[,]" finding that to be a "restrictive reading of section 702." *Id.* at 521 (and citing cases from five other circuits that hold the same).

That said, before there is a right to judicial review under the APA, the Act requires that a person either "suffer[ ] legal wrong because of agency action," or be "adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]" 5 U.S.C. § 702. Indeed, the legislative history explains that § 702 of the APA "eliminate[s] the defense of sovereign immunity [1] as to any action in a Federal court seeking relief other than money damages *and* [2] stating a claim based on the assertion of *unlawful* official action by an agency or by an officer or employee of the agency . . . ." *Warin*, 672 F.2d at 592 (quoting legislative history) (alterations and emphases added). In other words, for sovereign immunity to be waived by virtue of the APA, the complaint must meet two requirements.

Here, although the complaint meets the first requirement of seeking non-monetary relief, it does not (and the Court suspects it could not) meet the second requirement. The complaint simply does not allege that the DOE acted unlawfully in any way – neither through action nor inaction. (*See* Compl. ¶¶ 18-20.) Notably, the APA itself does not apply to discretionary agency action. *See* 5 U.S.C. § 701(a)(2). More importantly, Section H of the Subrecipient Agreement acknowledged that TRL could not guarantee any agency action to effect transfer of ownership interest.

Accordingly, there is no subject matter jurisdiction over any claim against the DOE, and it is entitled to dismissal, the requirements of the APA for a waiver of sovereign immunity having not been met by the complaint. The DOE's Motion (Doc. No. 15) is granted.

### III. CONCLUSION

For the reasons set forth above, the motion to dismiss filed by the Department of Energy (Doc. No. 15) is **granted**. Further, having dismissed the Department of Energy for lack of subject matter jurisdiction, there is no independent basis for jurisdiction[4] over any remaining claims and defendants, and they are, therefore, dismissed without prejudice.[5]

**IT IS SO ORDERED**.

Dated: March 28, 2017

                                 **HONORABLE SARA LIOI**
                                 **UNITED STATES DISTRICT JUDGE**

---

[4] As noted, *supra*, "[t]he Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citations omitted). "Thus, before invoking the Act, the court must have jurisdiction already," *Id.* (citation omitted).

[5] To the extent there may be supplemental jurisdiction under 28 U.S.C. § 1367, and the Court concludes there is none, the Court would decline to exercise such jurisdiction.