**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CEDAR LANE FARMS, CORP., | ) | CASE NO. 5:16-cv-1390 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WILLIAM BESANCON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of plaintiff Cedar Lane Farms, Corp. ("CLF") to vacate the Court's decision and judgment dismissing CLF's complaint against defendant United States Department of Energy ("DOE") (Doc. Nos. 18[1] and 19 ["JE"]), and for leave to file an amended complaint. (Doc. No. 20 ["Mot."].) DOE opposed the motion (Doc. No. 22 ["Opp'n"]), and plaintiff filed a reply (Doc. No. 23 ["Reply"]). For the reasons that follow, the motion is denied.

## I. BACKGROUND

The factual background of this case is detailed in the Court's memorandum opinion from which CLF seeks relief. *See Cedar Lane*, 2017 WL 1155564, at *1-2. Briefly, CLF leased certain property from defendants William and Sandra Besancon ("property"). CLF sublet a portion of the property to Touchstone Research Laboratory, Ltd. ("Touchstone") pursuant to a subrecipient agreement for an algae research project

---

[1] *Cedar Lane Farms, Corp. v. Besancon*, No. 5:16-CV-1390, 2017 WL 1155564 (N.D. Ohio Mar. 28, 2017).

that Touchstone was performing for DOE ("project"). As part of the project, certain assets were purchased and constructed on the property ("assets"). The subrecipient agreement provides that at the end of the project, Touchstone would request that DOE transfer the assets to Touchstone, who would in turn transfer them to CLF, but Touchstone could not guarantee that DOE would transfer ownership of the assets. *Id.* at *1 ("[Touchstone] cannot guarantee that [DOE] will transfer ownership at the end of the project and therefore title may reside with DOE even after the completion of the project.") (quoting subrecipient agreement).

CLF's complaint sought declaratory judgment that DOE has no ownership interest in the assets. CLF also sought declaratory judgment that the Besancons had no ownership interest in the assets, and a declaration that the assets are the personal property of CLF. *Id.* at *2 (citation omitted).

DOE moved to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the grounds that the government has not waived sovereign immunity from suit. The Court agreed, finding that although the complaint satisfied the first requirement of an action under the Administrative Procedures Act ("APA") by seeking non-monetary relief, it did not meet the second requirement—that DOE acted unlawfully. *Id.* at *3. Thus, the Court granted DOE's motion to dismiss and, because there was no independent basis for jurisdiction over CLF's claims against the Besancons, those claims were dismissed without prejudice. *Id.* at *3-4.

In the instant motion, CLF contends that facts have emerged after the original complaint was filed which cure the jurisdictional defects of the original complaint against DOE. Specifically, CLF had the assets valued "and discovered that the per unit fair

2

market value of the Assets was less than $5,000." (Mot. at 109.[2]) CLF argues that,

pursuant to 2 C.F.R. § 910.360(g), assets with this valuation become CLF's property with

no further obligation to DOE. The motion states that when CLF advised DOE of the

assets' valuation, DOE responded that the value was greater than $5,000.00 and

demanded payment. (*Id*. at 109-110.) According to CLF, DOE's disagreement with

CLF's valuation and demand for payment constitutes an unlawful act which satisfies the

second requirement for an APA action, and confers subject matter jurisdiction upon the

Court. Thus, CLF contends that it should be permitted to amend the complaint to assert

these new facts. (*Id*. at 109-110, 113.)

## II. DISCUSSION

### A. Standard of Review

Pursuant to Rule 59, CLF seeks to vacate the Court's dismissal of its claims

against DOE and, then, to file an amended complaint pursuant to Fed. R. Civ. P. 15. Post-

judgment Rule 15 motions turn on the same factors as the Rule 59 inquiry. *Morse v.*

*McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) ("Where a timely motion to amend

judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same

factors.") (citations omitted).

Generally, only three situations justify a district court in altering or amending its

judgment: (1) to accommodate an intervening change in controlling law; (2) to account

for new evidence not previously available; or (3) to correct a clear error of law or to

prevent a manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.

App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co*., 990 F. Supp. 955, 965

---

[2] All page number references are to the page identification number generated by the Court's electronic filing system.

(N.D. Ohio 1998)). Rule 59 does not permit a party to relitigate matters that were or could have been raised earlier, or to argue a new legal theory. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations omitted).

**B. Analysis**

### 1. Rule 59 does not support the motion

CLF contends that "[n]ew facts emerged after the filing of the [c]omplaint, which [CLF] believes will resolve the jurisdictional issue that formed the basis of the motion to dismiss and [CLF] simply seeks to amend the [c]omplaint to add these facts." (Mot. at 111.) But the emergence of new facts after the complaint is filed is not the standard. "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable[]" during prior proceedings. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)); *see also Cameron v. Hess Corp.*, No. 2:12-CV-00168, 2013 WL 6157999, at *3 (S.D. Ohio Nov. 25, 2013) ("A court will not reconsider [a decision under Rule 59] based on evidence which in the exercise of reasonable diligence could have been submitted earlier.") (internal quotation marks and citation omitted).

Here, the "new" facts advanced by CLF are that the assets were valued at less than $5,000.00 per unit, and that DOE advised CLF certain assets exceeded $5,000.00 and "unlawfully" demanded payment for those assets. (Mot. at 109-110; Doc. No. 20-1 (Proposed Amended Complaint ["PAC"]) ¶¶ 17-22.) According to the PAC, the assets were valued on September 7, 2016. (PAC ¶ 17.) DOE's motion to dismiss for lack of subject matter jurisdiction was filed on September 26, 2017, and CLF's opposition was

filed on October 12, 2016. The value of the assets is not newly discovered, but was available and known to CLF when it opposed DOE's motion to dismiss and before the Court ruled.

With respect to CLF's claim that DOE improperly challenged the value of the assets and demanded payment, the PAC provides no dates nor attaches any documents concerning those allegations. (*See id.* ¶¶ 21-22.) DOE's opposition attaches correspondence between DOE and Touchstone concerning the valuation and disposition of the assets, all dated between September 15, 2016 and February 17, 2017. (*See* Doc. No. 22-2.) Assuming that CLF stands in the shoes of Touchstone, as CLF argues in its reply,[3] DOE's alleged unlawful refusal to accept the valuation of the assets and demand for payment transpired well before the Court ruled on DOE's motion to dismiss and, with reasonable diligence, could have been discovered and argued by CLF during the pendency of DOE's motion to dismiss.

Not only is the valuation of the assets and the DOE's demand for payment not newly discovered, neither is CLF's argument regarding 2 C.F.R. § 910.360. The Besancon's motion to dismiss was pending before the Court at the same time as DOE's motion.[4] In opposing the Besancon's motion, CLF argued that the per unit value of the assets was less than $5,000.00 and that pursuant to 2 C.F.R. § 910.360, no further action is needed by DOE to transfer the assets to CLF pursuant to its subrecipient agreement with Touchstone. (*See* Doc. No. 13 at 70-72.) Both the fact of the asset valuation, and the alleged effect of that valuation under 2 C.F.R. § 910.360, were known to CLF during the

---

[3] *See* Reply at 154.

[4] Because the Court declined to exercise jurisdiction over CLF's claims against the Besancons and dismissed those claims without prejudice, it was not necessary for the Court to rule on the Besancons' motion to dismiss.

prior proceedings. But in the face of DOE's motion to dismiss, CLF did not seek to amend the complaint to include these facts and arguments which, CLF now claims, resolve the jurisdictional issues raised by DOE.

A Rule 59 motion is not a vehicle to introduce evidence and arguments that could have been, and should have been, introduced during the pendency of DOE's motion to dismiss. *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003) (citation omitted); *Leisure Caviar*, 616 F.3d at 616. CLF is not entitled to hold back facts and arguments during the Court's consideration of DOE's motion to dismiss, and then waste judicial resources by now arguing that the Court should vacate its ruling and reopen the case to permit an amended complaint based on those withheld facts and arguments. *See M-Audits, LLC v. HealthSmart Benefit Solutions, Inc.*, No. 1:15-CV-1433, 2017 WL 1199033, at *5 (N.D. Ohio Mar. 31, 2017) (citations omitted).

For all of the foregoing reasons, CLF's motion to vacate judgment (and then amend the complaint) pursuant to Rule 59 is denied. *Leisure Caviar,* 616 F.3d at 616 ("plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued'") (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

**2. Rule 15 does not support the motion**

The result is the same under a Rule 15 analysis. Generally speaking, leave to amend pursuant to Rule 15 is freely given when justice so requires. But even under that liberal standard, leave to amend may be denied where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies in the complaint, and futility of the

amendment. *Morse*, 290 F.3d at 800 (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). CLF argues that its motion to amend should be granted because: (1) there has been no significant delay in filing the motion and the case is in a very early stage, (2) CLF is not acting in bad faith, (3) new facts emerged after the complaint was filed that resolve the jurisdictional issue that resulted in dismissal of the complaint, (4) CLF has not repeatedly failed to cure pleading deficiencies, (5) defendants will not be prejudiced by an amended pleading because plaintiff can simply file a new lawsuit,[5] and (6) the amendment is not futile because it confers subject matter jurisdiction over the parties dispute. (Mot. at 110-11.)

In a post-judgment context, the liberal standard of Rule 15 must be balanced with "the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Morse*, 290 F.3d at 800 (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d Cir. 1991) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1489, at 694 (1990))) (further citation omitted). This is so because freely allowing amendment after judgment has been entered would "sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60 . . . and risk turning Rules 59 and 60 into nullities." *Leisure Caviar*, 616 F.3d at 616 (citation omitted); *Warstler v. Medtronic, Inc.*, No. 3:16CV00385, 2017 WL 3088037, at *3 (N.D. Ohio July 20, 2017) ("Thus, '[w]hen a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a heavier burden. Instead of meeting only the

---

[5] CLF contends that because it could simply file a new lawsuit based on the PAC, it would an abuse of discretion for the Court not to grant its Rule 15 motion. (Mot. at 111, citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004).) But *Dubicz* is readily distinguished from this case for a number of reasons, one of which is that certain counts in the complaint were dismissed without prejudice in a non-final judgment and appellants were entitled to plead again, and the motion for leave to plead was filed within the statute of limitations. *See Dubicz*, 377 F.3d at 792-93.

modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.'") (quoting *Leisure Caviar,* 616 F.3d at 616) (further citations omitted).

For the reasons discussed above, the Court has determined that the "new" facts alleged in the PAC are not new, but were known and available to CLF during the prior proceedings. In a post-judgment context, the Court must be "'particularly mindful of . . . the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444-45 (6th Cir. 2014) (quoting *Morse*, 290 F.3d at 800). CLF offers no excuse, cause, or reason for failing to seek amendment prior to the Court's ruling on DOE's motion to dismiss. "A claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar,* 616 F.3d at 617 (emphasis in original). CLF has presented no such explanation.

Moreover, a district court's discretion to allow amendment "narrows considerably" after judgment has been entered, and "justice may require something less in post-judgment situations than in pre-judgment situations." *See Morse*, 290 F.3d at 800 (quoting *Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir. 2000) and *Diersen v. Chicago Car Exch.,* 110 F.3d 481, 489 (7th Cir. 1997)). Ordinarily, delay alone does not justify denial of leave to amend. *Morse*, 290 F.3d at 800 (citations omitted). But a district court acts within its discretion to deny a post-judgment motion to amend on account of undue delay resulting from a failure to incorporate previously available evidence. *See Crouch v. Honeywell Int'l, Inc.*, 720 F.3d 333, 345-46 (6th Cir. 2013) (citing *Leisure Caviar*, 616 F.3d at 616).

In balancing the liberal amendment standard of Rule 15 with the need for finality of judgments, and the absence of excuse, cause, or reason for CLF's failure to timely advance the previously available evidence, allegations, and arguments during the pendency of the Court's consideration of DOE's motion to dismiss, the Court finds that the balance tips in favor of denying CLF's motion to amend. *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) ("Plaintiffs' Rule 15 motion is untimely in the sense that there was 'undue delay,' because Plaintiffs offer no reason for their failure to move to amend their complaint prior to the district court's dismissal."); *Leisure Caviar*, 616 F.3d at 616 ("A court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of undue delay—including delay resulting from a failure to incorporate previously available evidence[.]") (internal quotation marks and citation omitted) (further citation omitted); *Pond v. Haas*, No. 15-CV-14038, 2016 WL 1084684, at *3-4 (E.D. Mich. Mar. 21, 2016), *aff'd,* 674 F. App'x 466 (6th Cir. 2016).

## III. CONCLUSION

For all of the foregoing reasons,[6] CLF's Rule 59 motion to vacate the Court's prior judgment granting DOE's motion to dismiss and Rule 15 motion for leave to file an amended complaint are denied.

**IT IS SO ORDERED**.

Dated: December 21, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[6] Although the Court's Rule 59 and Rule 15 analysis makes it unnecessary to address the parties' arguments regarding futility, the Court notes that plaintiff's Rule 15 motion would also be denied on that basis. "The Sixth Circuit has held that an amendment is futile 'where [the] proposed amendment would not survive a motion to dismiss.'" *McKerchie v. Wisconsin Cent. Ltd.*, 994 F. Supp. 2d 875, 881 (W.D. Mich. 2014) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993)); *see also Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile.") (citations omitted). One basis for futility was briefly addressed by the Court in its earlier ruling—"the APA itself does not apply to discretionary agency action." *Cedar Lane,* 2017 WL 1155564, at \*3 (citing 5 U.S.C. § 701(a)(2)). CLF agrees, but argues that DOE has no discretion in this case because under 2 CFR § 910.360, DOE must relinquish claims to property worth less than $5,000.00, and it has failed to do so. (Reply at 155-56.) But CLF does not allege or argue that it stands in the shoes of Touchstone with respect to the agreement between Touchstone and DOE, and indeed, specifically denies that its ownership interest arises from that agreement. (Reply at 155 ("Plaintiff's rights are not based upon the agreement between DOE and Touchstone.").) Rather, the PAC alleges that "[s]ection H of the Subrecipient Agreement governs the ownership of the Assets following conclusion of the Algae Project[,]" which provides that Touchstone will transfer whatever title it receives from the DOE to CLF (PAC ¶¶ 14-16). Section H specifically provides that there are no guarantees regarding asset ownership, and that DOE may retain ownership of the assets after the project is completed. *Cedar Lane*, 2017 WL 1155564, at \*1 ("[Touchstone] cannot guarantee that the [DOE] will transfer ownership at the end of the project and therefore title may reside with DOE even after completion of the project.") (quoting the subrecipient agreement). Nothing in the subrecipient agreement guarantees any action by DOE with respect to the assets, and discretionary agency action is not covered by the APA and cannot serve as a basis for subject matter jurisdiction. Because the PAC could not withstand a Rule 12 motion to dismiss, motion for leave to amend would also be denied on the basis of futility.